UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA

-against-

JORGE ARBAJE-DIAZ,

Defendant.
-----------------------------------------------------------------------X

MEMORANDUM & ORDER

08-CR-115 (NGG)
10-CR-269 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Jorge Arbaje-Diaz's motion for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2). (Def.'s Ltr.-Mot. for Modification of Sentence ("Def. Mot.") (Dkt. 434)[1].) For the reasons set forth below, Defendant's Motion is DENIED.

I. BACKGROUND

On May 13, 2010, Defendant, a former officer in the New York City Police Department ("NYPD"), pleaded guilty to Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951(a) (Count 1 of the Eastern District of New York ("EDNY") Superseding Indictment); conspiracy to distribute and possess with intent to distribute heroin, cocaine, and marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i) (Count 3 of the EDNY Superseding Indictment); and Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951(a) (the sole count of the Southern District of New York ("SDNY") Indictment).[2] (See Min. Entry (Dkt. 151).) Defendant conspired with others to rob drug dealers in their homes and vehicles of large quantities of narcotics and cash. (Def's Mot. at 1.) He used his position as a police officer, displaying his shield and using his uniform and department weapon, to participate in numerous gunpoint

---

[1] Unless otherwise indicated, docket citations throughout this Memorandum & Order refer to documents filed in Case No. 08-CR-115 (NGG).

[2] After he was indicted in SDNY, Defendant consented to transfer of his case to EDNY. (See Consent to Transfer Jurisdiction (Dkt. 1 in United States v. Arbaje-Diaz, No. 10-CR-269 (NGG)).)

1

robberies. (Id.) Victims at times were handcuffed and in one instance, a child, among others, was held at gunpoint. (Id.) Defendant participated in these robberies over a two-year period. (Id.)

Prior to sentencing, the Probation Department prepared a Presentence Report ("PSR"), which calculated sentencing options under the United States Sentencing Guidelines ("U.S.S.G" or the "Guidelines"). The PSR determined that Defendant was responsible for 8 kilograms of cocaine, 4 kilograms of heroin, and 87.5 pounds of marijuana—in total, equivalent to 5,639.69 kilograms of marijuana—during the course of the conspiracy. (PSR ¶ 21.) This drug quantity corresponded to a base offense level of 34 under Section 2D1.1(c) of the Guidelines. (Id. ¶ 73.) The PSR recommended a two-point enhancement for Defendant's possession of a firearm in connection with the drug conspiracy (U.S.S.G. § 2D1.1(b)(1)), a two-point enhancement for physical restraint of a victim (id. § 3A1.3), and a two-point enhancement for abuse of trust (id. § 3B1.3), resulting in an adjusted, total offense level of 40 for the drug conspiracy. (PSR ¶¶ 74, 76, 77.) The adjusted offense level of 40 under the drug count was the greatest adjusted offense level of any count. (Id. ¶ 79.) Defendant's plea to the Hobbs Act robbery conspiracy counts did not increase his adjusted offense level or guideline range under the multiple count adjustment and grouping rules of Sections 3D1.2 and 3D1.4 because the adjusted offense level for the drug count was 9 points higher than the highest adjusted offense level for any of the robberies contained in the robbery conspiracy count. (Id. ¶¶ 88-99.) Following a 3-point reduction for acceptance of responsibility, Defendant faced a total offense level of 37. (Id. ¶ 101.) Because Defendant was in Criminal History Category I, his Guidelines range

was 210-262 months. (Id. ¶ 141.) On June 7, 2011, the court sentenced Defendant to 240 months' imprisonment concurrent on all three counts.[3] (J. (Dkt. 208).)

On November 10, 2014, Defendant filed a pro se motion for a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2). (Mot. to Reduce Sentence (Dkt. 417).) Defendant filed a second pro se motion to reduce his sentence on February 9, 2015. (Second Mot. to Reduce Sentence (Dkt. 418); Mot. to Reduce Sentence (Dkt. 10 in United States v. Arbaje-Diaz, No. 10-CR-269 (NGG)) (identical motion to Dkt. 418 in Case No. 08-CR-115 (NGG)).) The court then appointed counsel to represent Defendant in this matter. (See Order (Dkt. 428); Order (Dkt. 423).) On August 13, 2015, Defendant filed a counseled motion in support of his pro se motions for a reduction in sentence. (Def. Mot.) On November 17, 2015, the Government filed a response in opposition to Defendant's Motion, arguing that, although Defendant is eligible for a reduction, a reduction is not warranted based on the facts and circumstances of this case. (Gov't's Opp'n to Mot. ("Gov't Opp'n") (Dkt. 450).)

## II. LEGAL STANDARD

Defendant moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Amendment 782 to the Guidelines modified the base offense levels in the Drug Quantity Table at Section 2D1.1, thereby lowering the sentencing range for certain drug-related offenses.

---

[3] The court also imposed a $300 special assessment and three concurrent terms of supervised release: a 3-year term for Count One of the EDNY Superseding Indictment; a 3-year term for the sole count in the SDNY Indictment; and a 5-year term for Count Three of the EDNY Superseding Indictment. (J. (Dkt. 208).)

See U.S.S.G. app. C (Supp.) at 64-74 (2015). Amendment 788 provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id. at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive application)).

The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a); see also U.S.S.G. § 1B1.10, cmt. n.1(B)(ii) (requiring the court to consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"). The court may also consider the "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10, cmt. n.1(B)(iii); see United States v. Wilson, 716 F.3d 50, 52 (2d Cir. 2013) (per curiam).

Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id.

4

§ 1B1.10(b)(2)(B) (setting forth exception allowing proportional resentencing for a defendant originally sentenced pursuant to a §5K1.1 "substantial assistance" letter from the Government). Ultimately, the Guidelines establish that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

## III. APPLICATION

The parties agree, and the court concurs, that Defendant is eligible for a sentencing reduction. (See Def. Mot. at 2; Gov't Opp'n at 1-2.) Defendant's sentence was based on the Guidelines range in effect at the time. Therefore, Amendment 782 applies.

There appears to be some disagreement between the parties as to the calculation of the amended Guidelines range, however. Defendant asserts that the new Guidelines range is 188-235 months (Def. Mot. at 2), while the Government contends that it is 168-210 months (Gov't Opp'n at 2). The parties agree that the new base offense level is 32 for the drug conspiracy count. See U.S.S.G. § 2D1.1(c)(4). (See Def. Mot. at 2; Gov't Opp'n at 2.) They also agree that all prior enhancements apply, resulting in a 6-point increase from the base offense level. (See Def. Mot. at 2; Gov't Opp'n at 2.) The parties' disagreement lies in whether to add 1 point pursuant to the multiple count and grouping guideline, Section 3D1.4. (See Def. Mot. at 2; Gov't Opp'n at 2.) The court concludes that pursuant to Section 3D1.4, 1 point should be added because the amended offense level for the drug count (38) is 7 points higher than the highest adjusted offense level for one of the robbery counts (31). See U.S.S.G. § 3D1.4(b). (See PSR ¶ 72 (calculating an adjusted offense level of 31 for the robbery conspiracy count in Case No. 08-CR-115).) Finally, the parties concur that Defendant is entitled to a 3-point reduction for acceptance of responsibility. (See Def. Mot. at 2; Gov't Opp'n at 2.) Accordingly, Defendant's "combined adjusted offense level" is 39, with a 3 point reduction for acceptable of responsibility,

5

resulting in a total offense level of 36. Because Defendant is in Criminal History Category I, the amended Guideline range is 188-235 months.

Having determined that Defendant is eligible for a sentencing reduction and that the amended Guidelines range is 188-235 months' imprisonment, the court next turns to "whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Dillon, 560 U.S. at 826; cf. Wilson, 716 F.3d at 52 ("A retroactive amendment to the Guidelines merely authorizes a reduction in sentence; it does not require one."). Defendant argues that "a sentence within the amended guidelines range, 188-235 months, would not materially diminish the significance of [his] sentence nor would it undermine the sentencing objectives outlined in 18 U.S.C. § 3553(a)." (Def. Mot. at 3.) Accordingly, he requests that his sentence be reduced to a term of 188 months. (See id. at 4.) The Government counters that in light of the "egregious nature of the criminal conduct committed by the defendant" and the fact that Defendant breached the public's trust in carrying out his crimes as an officer in the NYPD, the court should not reduce Defendant's sentence. (See Gov't Opp'n at 5).

Based on a consideration of the § 3553(a) factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed to "protect the public from further crimes of the defendant," the court declines to reduce Defendant's sentence. In originally imposing a 240-month term of imprisonment, the court fully considered the "extreme and unimaginable conduct that the defendant engaged in as a police officer." (Sent'g Hr'g Tr. at 21:10-11 (Dkt. 8-3 in Arbaje-Diaz v. United States, No. 13-CV-4091 (NGG)).) At sentencing, the court emphasized the violent nature of Defendant's crimes, including the fact that he and his co-conspirators on several occasions, held their victims at gunpoint. (See id. at 22-23.) The court found that Defendant "abused his position of trust as a police officer in a manner so extreme that it defies

6

understanding or explanation, except greed, untrammeled, unlimited, unchecked greed." (Id. at 23:24-24:2.) Finally, the court stressed the importance of deterrence in fashioning Defendant's sentence:

> The message must be clear, to everyone who takes an oath to uphold the laws of the State of New York and the United States as a law enforcement officer, that before all else you must obey the law yourself and promote the law, because you are on the frontline against law breakers, against violence, and when you take an oath and then you violate it in such an extreme manner, it puts at risk our entire social and legal system, protecting the public from those who would injure us and we must deter it.

(Id. at 25:3-11.) Considering this record again, the court's determination has not changed. Although slightly above the amended Guidelines range of 188-235 months, the court finds that in light of the violent nature of Defendant's wrongdoing and his flagrant abuse of his position of power as a police officer, a sentence of 240 months' imprisonment is still appropriate.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion (Dkt. 434) is DENIED. Defendant has sought identical relief in various motions across two dockets. (See Mot. to Reduce Sentence (Dkt. 417); Second Mot. to Reduce Sentence (Dkt. 418); Mot. to Reduce Sentence (Dkt. 10 in United States v. Arbaje-Diaz, No. 10-CR-269 (NGG)).) This Order disposes of each of these motions.

SO ORDERED.

Dated: Brooklyn, New York
December 14, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge